COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-06-205-CR

        2-06-206-CR

MARCUS WAYNE SPRINGER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Marcus Wayne Springer entered open pleas of guilty to indecency with a child in two cases and pleaded “true” to a repeat-offender enhancement allegation recited in both indictments.  The trial court convicted Appellant and sentenced him to twenty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for each offense, with the sentences to run concurrently. 

In each case, Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his brief, counsel has reviewed the history of the case, including detailing the evidence presented.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.
(footnote: 3)  Although this court gave Appellant the opportunity to file a pro se brief, he did not file one.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.
(footnote: 4)  Only then may we grant counsel’s motion to withdraw.
(footnote: 5)  
Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 6) We have carefully reviewed the record and counsel’s brief.  We agree with counsel that these appeals are wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeals.
(footnote: 7)
 Consequently, we grant the motion to withdraw in each case and affirm the trial court’s judgments. 

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.

5:
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

6:
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).

7:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).